APPEAL OF CITIZENS UNDERWRITERS AGENCY.

Docket No. 100.   Submitted April 28, 1925.   Decided October 30, 1925.

Personal service classification denied and deficiency increased.

*Harry Friedman, Esq.,* for the taxpayer.
*J. Arthur Adams, Esq.,* for the Commissioner.

Before MARQUETTE, TRAMMELL, LANSDON, and GREEN.

This appeal involves a deficiency in income and profits taxes for 1919 in the amount of $1,854.59.   It is based upon the action of the Commissioner in disallowing the taxpayer classification as a personal service corporation under section 200 of the Revenue Act of 1918.

During the hearing the Commissioner was granted permission to amend his answer so as to set up a prayer for affirmative relief, and he sought to prove that the deficiency should be increased.

FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of West Virginia, with its principal office at Bluefield.   Its authorized

capital stock was $15,000, divided into 300 shares of the par value of $50 each. The stock was owned during 1919 by the following stockholders in the amounts stated:

| Name | Shares | Name | Shares |
|---|---|---|---|
| A. Catsen | 10 | Dr. W. L. Johnston | 5 |
| Ray Evans | 10 | F. P. Christian | 10 |
| Morris Watts | 10 | F. P. Harman | 5 |
| Norman McDowell | 10 | T. W. Chambers | 5 |
| L. E. Tierney | 10 | R. M. Garrett, jr | 10 |
| W. A. Phillips | 10 | Mary K. Flanagan | 3⅓ |
| Dr. Thos. E. Peery | 10 | Mary K. Flanagan, trustee | 6⅔ |
| G. S. Patterson | 10 | James R. Gilliam, jr | 2 |
| J. J. Tierney | 10 | Estate of James R. Gilliam | 8 |
| P. J. Kelley | 10 | D. H. Kauffelt | 2½ |
| M. S. Taylor | 3 | John A. Kelley | 5 |
| Dr. L. H. Clark | 10 | T. W. Fitzsimmons | 10 |
| E. L. Bailey | 10 | T. W. Gilliam | 10 |
| W. H. Thomas | 10 | N. H. Franklin | 10 |
| W. L. Taylor | 7 | Annie K. Phelps | 2½ |
| Wm. J. Beury | 10 | Mrs. Mary K. Watts | 2½ |
| C. W. Akers | 10 | Green N. Nowlin Corporation | 10 |
| A. H. Land | 10 | Grace K. Amiss | 2½ |
| W. G. Baldwin | 10 | | |
| G. M. Barger | 10 | | 300 |

There were 38 stockholders during 1919 who were located at various points in five different States. No stockholder held more than 10 shares.

It was conceded by the taxpayer that the following stockholders were not engaged in the active conduct of the affairs of the corporation and produced no income:

| Name | Shares |
|---|---|
| Mary K. Flanagan, trustee | 6⅔ |
| Estate of James R. Gilliam | 8 |
| Annie K. Phelps | 2½ |
| Mrs. Mary K. Watts | 2½ |
| Green N. Nowlin Corporation | 10 |
| Grace K. Amiss | 2½ |
| John A. Kelley | 5 |
| | 37⅙ |

The corporation was engaged in the insurance agency business at Bluefield, W. Va., and its income was derived from commissions on premiums for insurance policies written.

Of the 38 stockholders of the taxpayer, only two, Ray Evans, who was general manager, and Norman McDowell, were paid compensation for any services rendered by them. Evans, who owned 10 shares of stock, devoted his entire time to the conduct of the business. McDowell, who owned 10 shares, was regularly employed in a railroad office but assisted in the office work of the taxpayer in the evenings during a portion of 1919. The other stockholders were

business men, of influence in their respective communities, who controlled directly or indirectly insurable property for which insurance policies were written by the taxpayer. These men did not hold themselves out as insurance agents, and any business which was attributed to them was the insurance of property which they owned or controlled and was influenced by business or personal relations with such customers.

Approximately 75 per cent of the business of the taxpayer in 1919 consisted of renewals of expiring insurance which was handled by the general manager, who had custody of the expiration records. The books of the taxpayer do not show that any business was influenced or produced by any particular stockholder, but the general manager, from his memory and from the association and connection of the various stockholders, attributed certain business to various stockholders during the year as having been produced or secured on account of their business connections or on account of the influence of various stockholders.

Practically all of the business of the taxpayer was secured through the business connections or personal influence of the stockholders, but none of the stockholders, except Evans and McDowell, who together owned 20 shares of the stock, were actively engaged in the conduct of the affairs of the corporation.

The total premiums on insurance written during 1919 was $76,147.56, all of which was obtained either through the services of Evans, the general manager, in soliciting the same, or through the influence of the stockholders who were interested, either directly or indirectly, in the property which was insured.

The corporation was allowed a period of from 4 or 5 to 90 days within which to remit insurance premiums to the insurance companies. Occasionally the insured did not pay the premiums before the time for remittance to the home company and the corporation would voluntarily pay the home office before collecting from the insured. This amounted to about $12,000 in premiums during the year.

In support of the amended answer the following facts are found:

The taxpayer carried on its books, as bills receivable, $5,350, representing demand notes from stockholders given in 1907 for stock. These notes were never paid, although the makers were financially responsible, nor was demand ever made for payment, the taxpayer having borrowed money for its own use during the period. The notes were not *bona fide* paid in for stock.

The sum of $200 was voted and paid Evans in 1920 as additional compensation for 1919.

With respect to the allegations in the amended answer as to depreciation on furniture and fixtures, the deduction on account of dividends and agency valuations, the Board was not furnished with sufficient evidence to enable it to make a finding of fact.

DECISION.

The deficiency as determined by the Commissioner should be increased by disallowing as a deduction the $200 additional compensation in 1919 and by disallowing in invested capital bills receivable in the amount of $5,350. Final determination will be settled on 15 days' notice, under Rule 50.